IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIAM HAROLD JONES                                                    PLAINTIFF

v.                                        Civil No. 1:19-cv-01007

LIEUTENANT DARIEN MARTIN,
El Dorado Police Department; JAMES
ROBBIE SNOW, Patrol Officer, El Dorado
Police Department; SERGEANT
STEPHEN LOVE, Union County Detention
Center; and SERGEANT ANTHONY
PATRICK, Union County Detention Center                                 DEFEENDANTS

## **ORDER**

Currently before the Court is a Motion to Dismiss filed by Defendants, which is based on

Plaintiff's statements during his deposition that he desires to voluntarily dismiss this lawsuit in its

entirety. (ECF No. 23). Plaintiff has not responded to the motion, and the time to do so has

expired.

Plaintiff William Harold Jones filed this 42 U.S.C. § 1983 action *pro se* on March 1, 2019.

(ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted the same day. (ECF

No. 3). On September 11, 2019, Defendants filed the instant Motion to Dismiss. (ECF No. 23).

Attached to Defendants' motion is the transcript of Plaintiff's deposition taken on August 23, 2019,

during which Plaintiff stated he wanted to dismiss this lawsuit against all Defendants. (ECF No.

23-1, p. 5).

Even though Plaintiff testified during his deposition that he wanted to dismiss this lawsuit,

the Court entered an order on September 11, 2019, directing Plaintiff to file a response to

Defendants' motion by October 3, 2019. (ECF No. 25). The September 11, 2019 order informed

Plaintiff that failure to timely and properly comply with the order would result in this case being

dismissed. To date, Plaintiff has not complied with this Court's order to file a response to the motion and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 7th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge